# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3440 | **DATE** | 1/14/2011 |
| **CASE TITLE** | Mark H. Johnson (#A-72077) vs. Warden John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Randle's motion to dismiss [26] is granted. Former IDOC Director Michael Randle is dismissed as a defendant pursuant to Fed. R. Civ. P. 12(b)(6). The clerk is directed to: (1) file the second amended complaint; (2) add Marcus Hardy, Carly Zeigler, Jerlen Allen, and Heather Parkins as defendants; (3) terminate Michael Randle and John Does 1-4; and (4) issue summonses for service on the defendants by the U.S. Marshal. The previously set answer deadline of January 30, 2011 [31], is stricken, as service must first be effected. In addition, the status conference scheduled for February 14, 2011, at 9:45 a.m. [31][34] is stricken. The cause will be re-set once counsel enters an appearance for the newly named defendants.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

The plaintiff, a former state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated his constitutional rights by denying him due process and by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that he was stripped of clothing and personal property and placed in a filthy cell in the facility's psychiatric unit when he simply protested his "illegal" transfer from the Cook County Jail to state custody and asked to speak to a psychologist.

The plaintiff has now identified the persons allegedly responsible for placing him in a psych unit cell and has submitted a second amended complaint as directed. *See* Minute Order of November 22, 2010. Accordingly, the clerk is directed to: (1) file the second amended complaint; (2) add Marcus Hardy, Carly Zeigler, Jerlen Allen, and Heather Parkins as defendants; (3) terminate John Does 1-4 pursuant to the amended complaint and Fed. R. Civ. P. 15(a); and (4) issue summonses for service on the new defendants by the U.S. Marshal.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former **(CONTINUED)**

mjm

correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The second amended complaint is dismissed as to former IDOC Director Michael Randle. Randle was named as a defendant solely for purposes of identifying the "John Doe" officers responsible for the alleged constitutional violations. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Defendant Randle has now identified the officers in question to the best of his ability and furnished the information to the plaintiff; furthermore, there is no question that Randle lacks direct, personal involvement in the events giving rise to this lawsuit. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Consequently, Randle is himself dismissed as a defendant.

As a final concern, the plaintiff is once again reminded of basic filing requirements. Plaintiff must: (1) provide the court with the original plus a judge's copy of every document filed; and (2) include a certificate of service showing that a copy was mailed to opposing counsel. In the future, the court may strike any document filed that fails to comport with these basic filing rules.